UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEGAN ROGERS,

                              **Plaintiff,**

  vs.                                                            5:22-CV-801
                                                                        (MAD/TWD)

MICHAEL BENEDICT, RUDOLPH SOHL, SARA
SOHL, SPIKE BENEDICT/DEUCE, SOHL,
REEDY SOHL,

                              **Defendants.**
_____

**APPEARANCES:**                                                    **OF COUNSEL:**

**MEGAN ROGERS**
229 Duane Street
Syracuse, New York 13207
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On July 29, 2022, *pro se* Plaintiff Megan Rogers ("Plaintiff") filed a complaint with causes of action under Title VII of the Civil Rights Act, 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the American with Disabilities Act, and the Age Discrimination in Employment Act. *See* Dkt. No. 1. On the same day, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

      On October 4, 2022, Magistrate Judge Therese Wiley Dancks issued an Order and Report-Recommendation granting Plaintiff's IFP application and recommending that the complaint be dismissed with leave to amend. *See* Dkt. No. 7. Plaintiff has not filed an objection to the Order and Report-Recommendation.

When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed the October 4, 2022 Order and Report-Recommendation, Plaintiff's complaint and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the complaint should be dismissed.  The complaint is largely incomprehensible.  As currently drafted, the Court is unable to meaningfully analyze whether Plaintiff can allege any colorable claim against Defendants.  *See Canning v. Hofmann*, No. 1:15-CV-0493, 2015 WL 6690170, *5 (N.D.N.Y. Nov. 2, 2015) ("[H]aving found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to

dismissal") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Finally, the Court agrees with Magistrate Judge Dancks that Plaintiff should be granted an opportunity to replead out of deference to her *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted).

Accordingly, the Court hereby

**ORDERS** that the Order and Report-Recommendation (Dkt. No. 7) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 12, 2023
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge